**TAO LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40796–ag.**

United States Court of Appeals, Second Circuit.

July 27, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Judy K. Hunt, David P. Rhodes, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Tao Lin, a citizen of the People's Republic of China, seeks review of a September 30, 2003 order of the BIA affirming the May 16, 2002 decision of Immigration Judge ("IJ") Sarah M. Burr,

denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Tao Lin,* No. A77 660 322 (B.I.A. Sept. 30, 2003), *aff'g* No. A77 660 322 (Immig. Ct. N.Y. City May 16, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, or bald speculation. *Secaida–Rosales v. INS,* 331 F.3d 297, 309–10 (2003). "The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Accordingly, "[s]o long as an inferential leap is tethered to the evidentiary record, [the Court] will accord deference to the finding." *Id.* at 169.

Lin challenges the IJ's finding that it was implausible that Lin and his girlfriend would continue to reside at his home after admitting to authorities that they had violated the family planning policy, where he alleged that the authorities: (1) informed the couple that Lin's girlfriend would have

to undergo an abortion; (2) called the police to come and arrest them when they applied for a marriage licence; and (3) delivered a summons from the police to him at his home. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 16 (2d Cir.2006). The IJ was not required to find this account plausible and it is a material implausibility constituting substantial evidence to support the IJ's adverse credibility finding even if the IJ had committed error in some other of her findings.[2] Accordingly, the IJ properly denied Lin's applications for asylum and withholding of removal. Finally, we find no error in the IJ's finding that Lin failed to establish eligibility for CAT relief, where the background materials he submitted do not indicate that it is more likely than not that he will be arrested because he emigrated without permission, nor do they establish that it is more likely than not that someone in his circumstances would suffer torture in the event that he were arrested. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

Accordingly, Lin's petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Nor is there merit to Lin's claim that the IJ failed to consider his documentary evidence, which she specifically addressed at the beginning of his hearing.